IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BEACH COMMUNITY BANK,**

    **Plaintiff,**

vs.                                           CASE NO. 5:09-cv-106/RS-MD

**ST. PAUL MERCURY INSURANCE
COMPANY,**

    **Defendant.**
_____/

## **ORDER**

Before me are the Mandate from the United States Court of Appeals (Doc. 114), Defendant's Motion for Summary Judgment (Doc. 37) and Plaintiff's Motion for Summary Judgment as to Liability (Doc. 38).

### I.     BACKGROUND

In August 2004, Dellwood Properties, Inc. (Dellwood) approached Plaintiff to borrow ten million dollars to purchase a parcel of beach front property in Panama City Beach. Charles Faircloth, a real estate investor and developer from Panama City, was Dellwood's sole officer/director. On September 2, 2004, Plaintiff's loan committee approved Delwood's loan request.

Plaintiff retained attorney Richard Colbert to represent it in connection with the loan. Mr. Colbert prepared the loan documents for Plaintiff, but did not attend the closing of the loan. Attorney Derrick Bennett, a business associate of Mr. Faircloth,

closed the loan. During the closing of the loan transaction on September 10, 2004, Mr. Faircloth provided Mr. Bennett with a copy of a guarantee signed by his wife, Juanita Faircloth, dated September 9, 2004.  Mrs. Faircloth's signature on the guarantee was not notarized or witnessed, and Mrs. Faircloth did not attend the loan closing.  On September 13, 2004, three days after the loan had been funded and closed, the guarantee was delivered to Plaintiff.

In October 2007, Mr. Faircloth died with an estate containing less than $100,000 in cash and several million dollars in debt.  Within weeks of Mr. Faircloth's death, Dellwood defaulted on the loan.  When Plaintiff demanded payment from Mrs. Faircloth as guarantor of the loan, she denied having executed the guarantee.  A handwriting expert later determined that the signature on the guarantee was a forgery.   Plaintiff asserts that it has sustained a loss of ten million dollars on the loan as a result of the forgery and has sought to recover this amount from Defendant under its Financial Institution Bond.

Plaintiff contends that Insuring Clause (E) of the Bond provides coverage for its claimed loss. Insuring Clause (E) insures against:

> Loss resulting directly from the Insured having, in good faith, for its own account or for the account of others:
>
> > (a) acquired, sold, delivered, or given value, extended credit or assumed liability, on the faith of any original Written document that is a:
>
> . . .
>
> > (iv) corporate, partnership, or personal Guarantee;
>
> . . .
>
> > which

- bears a handwritten signature of any . . . guarantor . . . that is a Forgery.

. . .

> Actual physical possession of the [Guarantee] by the Insured is a condition precedent to the Insured's having relied on the faith of such items. Actual physical possession of the [Guarantee] by a correspondent bank or other representative authorized to possess such items on behalf of the Insured, shall satisfy the actual physical possession requirement if Loan Participation coverage is indicated as included under Insuring Clause E in the Table of Single Loss Limits of Liability.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot satisfy the elements of Insuring Clause (E) necessary to establish coverage. This issue has been foreclosed by the Mandate (Doc. 114).

Plaintiff asserts that Defendant is "contractually obligated to pay the claim as a matter of law (Doc. 38, p. 5)." I will address this contention in detail.

## II. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d

1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

### III.  ANALYSIS

In order for Summary Judgment to be granted in favor of Plaintiff, Plaintiff will have to show that all of the requirements of Insuring Clause (E) have been met such that there is no genuine issue of material fact.

Plaintiff has carried its burden to show that the loss resulted directly from the forged guarantee. *Beach Cmty. Bank v. St. Paul Mercury Ins. Co.*, 2011 U.S. App. LEXIS 5244 (11th Cir. 2011); (Doc. 114). However, disputes remain regarding other essential elements of Insuring Clause (E). Specifically, the 11th Circuit found that "the evidence is disputed as to whether Beach Community relied on the guarantee," and that a "factual question exists as to whether [Derrick] Bennett acted as an agent of Beach Community." *Id.* at *23-24; (Doc. 114, p. 20-21). The remaining questions relate to whether Plaintiff relied on the forged document, and whether Plaintiff had actual physical possession of the guarantee. At a minimum, these remaining two issues must be resolved by jury.

# IV. CONCLUSION

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 37) is **DENIED.**

2. Plaintiff's Motion for Summary Judgment as to Liability (Doc. 38) is **GRANTED, in part.** Partial summary judgment is granted to the extent that Plaintiff has established that the loss resulted directly from the forged guarantee. Summary judgment is denied as to the issues of reliance and actual physical possession of the guarantee.

**ORDERED** on April 15, 2011.

                                                  /S/ Richard Smoak
                                                  **RICHARD SMOAK**
                                                  **UNITED STATES DISTRICT JUDGE**